UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cv-00051-MR

| CHRISTOPHER ANTHONY JUDD, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) **ORDER** |
| BUNCOMBE COUNTY, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e), [Doc. 1]; Plaintiff's motions to proceed in forma pauperis, [Docs. 7, 9]; Plaintiff's "Motion to Consolidate This Case with 1:23-cv-16-MR," [Doc. 8]; and the same motion filed in Case No. 1:23-cv-00016-MR, [Case No. 1:23-cv-16, Doc. 5].

**I.  BACKGROUND**

Pro se Plaintiff Christopher Anthony Judd ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 on February 28, 2023, against Defendants Buncombe County and Betty Garth, identified as a nurse at the Buncombe County Detention Center (BCDC). [Doc. 1]. Plaintiff alleges, in pertinent part, as follows. On December 23, 2018, Plaintiff was arrested and brought to the BCDC. Plaintiff was heavily intoxicated and unable to complete the

medical intake process. After Plaintiff slept for nearly 24 hours, the medical intake process was resumed. Defendant Garth asked Plaintiff if he would be withdrawing from alcohol or other prescription or illegal drugs. Plaintiff reported that he was already experiencing mild withdrawal symptoms, as he was withdrawing from Xanax and heroine use. Plaintiff also reported that he had a history of withdrawal-related seizures. After Plaintiff initially refused to sign a form releasing Buncombe County, the Buncombe County Sheriff's Office, and BCDC employees from liability for any medical costs incurred from Plaintiff's "self-injurious behavior," Defendant Garth told Plaintiff she would not give him detox medications or provide withdrawal monitoring and treatment until he signed the form. Plaintiff ultimately "gave in" and signed the form. Nevertheless, Defendant Garth still refused to provide Plaintiff "any further medical care." [Doc. 1 at 6]. Defendant Buncombe County policy, which requires BCDC medical staff to require all new detainees to sign this liability waiver, was the moving force behind the constitutional violations suffered by Plaintiff. [Id. at 7-8]. Plaintiff claims violation of his rights under the First and Fourteenth Amendments. [Doc. 1 at 3].

Plaintiff alleges that he suffered severe psychological injury and symptoms associated with opioid and benzodiazepine withdrawal. [Id. at 9]. For relief, Plaintiff seeks compensatory and punitive damages. [Id.].

2

## II. MOTION TO PROCEED IN FORMA PAUPERIS

The Court first addresses Plaintiff's motion to proceed in forma (IFP) pauperis.[1] [Doc. 9]. Plaintiff's affidavit shows that he had an average monthly income of $1,000.00 for the past twelve months and that he expects to receive $500.00 in income next month. [Id. at 1-2]. Plaintiff fails to report how much cash he has.[2] [Id. at 9]. Plaintiff reports having $150.00 in a bank account, a home valued at $15,000.00, a motor vehicle valued at $15,000.00, and no other assets. [Id. at 2-3]. Plaintiff reports that his monthly expenses total $1,000.00 and that no one relies on him for support. [Id. at 3, 4-5]. Plaintiff explains that he cannot pay the cost of these proceedings because he is currently unemployed and preparing to file for disability. [Id. at 5]. The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the motion and permit Plaintiff to proceed in forma pauperis in this action.

## III. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be

---

[1] Plaintiff filed two motions to proceed in forma pauperis in quick succession in this matter. [See Docs. 7, 9]. The Court will deny the first such motion [Doc. 7] as moot.

[2] In his recent IFP motion, Plaintiff reported having $500.00 in cash. [Doc. 7 at 2].

3

granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## IV. DISCUSSION

Plaintiff's Complaint fails initial review. Giving Plaintiff the benefit of every reasonable inference, he alleges that the acts of which he complains occurred in 2018. Because there is no explicit statute of limitations for

actions brought pursuant to 42 U.S.C. § 1983, courts borrow the state limitations periods for comparable conduct. See Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (citation omitted) (affirming dismissal of § 1983 action on initial review for failure to file complaint within the applicable limitations period). Here, the conduct comparable to that alleged by Plaintiff is medical malpractice, which has a three-year statute of limitations in North Carolina. See N.C.G.S. § 1-15(c)). As such, any claim Plaintiff may have had under § 1983 has long since expired. Plaintiff's failure to timely file the Complaint here is plainly evident. Plaintiff, therefore, has failed to state a claim as a matter of law.

The Court, therefore, will dismiss Plaintiff's Complaint with prejudice because amendment would be futile. The Court will deny Plaintiff's motion to consolidate this case with Case No. 1:23-cv-16-MR as moot.[3]

## VI. PLAINTIFF'S OTHER LAWSUITS

Since 2018, Plaintiff has filed seven (7) lawsuits in this District, all arising from his detention at the BCDC. Case Nos. 1:18-cv-00308, 1:19-cv-00076, 1:19-cv-00303, 1:19-cv-00158, 1:22-cv-00070, 1:23-cv-00016, and 1:23-cv-00051. Only one of these cases has proceeded to summary judgment. See Case No. 1:19-cv-158, Doc. 42. The remainder were

---

[3] The Court will separately conduct its initial review of Plaintiff's Complaint in that matter.

dismissed for Plaintiff's failure to name a proper Defendant, for Plaintiff's failure to prosecute, as duplicative of another action, and on Plaintiff's motion for voluntary dismissal. One action, Case No. 1:23-cv-16, remains pending.

**Plaintiff is cautioned that repeated filing of frivolous or duplicative actions may result in the imposition of sanctions and/or a prefiling injunction that would limit Plaintiff's ability to file further lawsuits in this Court.**

### VII. CONCLUSION

For the reasons stated herein, the Court will dismiss this action with prejudice because it is barred by the statute of limitations.

### ORDER

**IT IS, THEREFORE, ORDERED** that this action [Doc. 1] is dismissed with prejudice on initial review under 28 U.S.C. §§ 1915A and 1915(e).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed in Forma Pauperis [Doc. 9] is **GRANTED** and Plaintiff's Motion [Doc. 7] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Consolidate [Doc. 8; Case No. 1:23-cv-16-MR, Doc. 5] are **DENIED** as moot.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED.**  Signed: May 1, 2023

Martin Reidinger
Chief United States District Judge